LAW OFFICES OF
GARY FORD SPECTOR, PLLC
1646 NORTH STONE AVENUE
TUCSON, ARIZONA 85705
520-882-5286

By:  Charles L. Spector, Esq.

Arizona State Bar No. 033291

Attorney for: Andrea Elizabeth Madison

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>vs.<br><br>Andrea Elizabeth Madison,<br><br>              Defendant. | 4:22-CR-02599-JGZ-4<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

COMES NOW undersigned counsel, Charles L. Spector Esq., on behalf of the Defendant, Andrea Madison, who hereby submits this sentencing memorandum for the Court's review and consideration with regard to Ms. Madison's sentencing hearing scheduled for January 12, 2024 before the Honorable Jennifer G. Zipps.

Correspondence directed to the Court was separately provided to the Court for its consideration in conjunction with this memorandum. This correspondence consists of correspondence from Ms. Madison, her support system, and excerpted medical documentation evidencing Ms. Madison's diagnoses and medication.

RESPECFULLY SUBMITTED this 5th day of January, 2024

LAW OFFICES OF GARY FORD SPECTOR

*/S/ Charles L. Spector*_____
Charles L. Spector, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 18, 2023, Ms. Madison entered into a plea agreement with the Government, where she pleaded guilty to the Counts 7 through 12 of the indictment, False Statement in Connection with Acquisition of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

As reflected in the presentence report ("PSR"), given Ms. Madison's Criminal History Category I designation, the parties agreed to a guideline sentencing range of eighteen to twenty-four months of imprisonment, with Ms. Madison's sentence not to exceed the low end of the applicable guideline range: eighteen months. (PSR ¶ 4.) Importantly, the plea agreement provides Ms. Madison with the opportunity to request a variance under 18 U.S.C. § 3553(a). Id. The PSR appropriately calculates Ms. Madison's offense level computation and criminal history computation given Ms. Madison's lack of any previous arrests or convictions.

Ms. Madison, in whole agreement with the PSR's recommendation, requests the Court the impose a sentence of probation. In so doing, she asks the Court to consider numerous factors, including her challenging upbringing, lack of any criminal history, unique case circumstances, well-documented history of exceptional performance while on supervision, medical challenges, and family obligations when arriving at an appropriate sentence.

## I.   FACTUAL BACKGROUND

Paragraphs 6-46 of the PSR contain the probation officer's summary of information she received from the Government involving the conspiracy and the general actions of individuals named in the indictment. Specifically, paragraphs 10, 17, and 35-36 contain information of actions attributable to Ms. Madison and her involvement with Robert Johnson.

After years of estrangement from her half-brother, Robert Johnson, Ms. Madison re-connected with Mr. Johnson as he attempted to reacquaint himself with various members within

his family. Ms. Madison, a hardworking mother without any previous arrests or convictions, attempted to forge a relationship with her brother with good and pure intentions. She understood he worked at various autobody shops, collected firearms, and had established ties to Mexico. Soon, as Mr. Johnson's relationship with his half-sister became more familiar, Ms. Madison was approached by her older half-brother to purchase a variety of firearms for him. Ms. Madison was provided funds by Mr. Johnson to purchase firearms and additional compensation for gas expenses. Lacking knowledge of Mr. Johnson's intent to traffic the firearms, Ms. Madison, through her brother's instruction, knowingly provided false information on numerous ATF Form 4473's in that the purchases were made for herself. Despite complete unfamiliarity with Mr. Johnson's operations in trafficking firearms, Ms. Madison nonetheless was aware of his ties to Mexico and general potential to conduct nefarious activity.

After her interview with agents, her eventual arrest, and appropriate reflection, Ms. Madison fully appreciates the wrongfulness of her actions as she lives with constant regret. She provided detailed statements to the probation officer wherein she admitted and described her involvement in the offense and elaborated upon the factual basis contained within her plea agreement. She assumes full responsibility and is prepared for the consequences as a result of her actions.

II.   **CONSIDERATION OF THE SENTENCING FACTORS UNDER 18 U.S.C. 3553(a) WARRANT A DOWNWARD VARIANCE**

In fashioning a sentence, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). However, because the Sentencing Guidelines are advisory, *see Kimbrough v. United States*, 552 U.S. 85 (2007), the Guidelines should not be the Court's sole consideration. *Gall*, 552 U.S. at 49. A district court must also consider the applicable 18 U.S.C. § 3553(a) factors to determine an

appropriate sentence. *See id.* Pursuant to Section 3553(a), various factors for the Court to consider include, but are not limited to the nature and circumstances of the offense, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1); see also § 3553(a)(2)-(7). There shall further be "no limitation" placed on the information concerning the background, character and conduct of [a defendant] which the court may receive and consider for the purpose of imposing and considering an appropriate sentence. See 18 U.S.C. § 3661. The sentencing court must ultimately impose a sentence "sufficient, but not greater than necessary to achieve the goals of sentencing." *Kimbrough*, at 101.

### a. Mr. Madison's Background and Characteristics, including Challenging Trauma and Medical Challenges, are Substantially Mitigating and Warrant a Downward Variance.

With regard to Ms. Madison's life history, the PSR appropriately details her upbringing and various challenges confronted throughout her life. As noted in the report, Andrea grew up without her biological father as she described that her father "tried to sell her to aunt in Mexico" because of his disappointment that she was born a female. (PSR ¶ 72.) After her father's abandonment and while growing up in an initially safe environment, Andrea and her sister suffered unimaginable trauma of sexual abuse at the hands of her biological uncle. (PSR ¶ 74.) This trauma continues to profoundly impact Ms. Madison today.

Notwithstanding the family turmoil and abuse suffered at a young age, Ms. Madison has successfully found happiness and joy in her life by way of her husband and their eleven-year-old son. However, she unfortunately must endure persistent challenges as a result of her trauma and physical ailments. No doubt impacted by her childhood, Ms. Madison has been diagnosed with anxiety and depression nearly ten years ago. (PSR ¶ 79.) Similarly, and as provided in the PSR and in accompanying documentation separately submitted to the Court, Ms. Madison suffers from

several physical health issues, including fibromyalgia, severe chronic pain, and has undergone numerous surgeries to address significant health concerns. (PSR ¶ 78.) The excerpted documentation submitted to the Court contains the medications in which Ms. Madison must take on a daily basis. While the constant medication and medical attention remain present in this woman's life, she does not pity herself nor her history. Ms. Madison impressively remains employed full-time at Chevron while caring for her son. Without making any excuses, she is a capable and productive member of society. Ms. Madison does possess difficult circumstances that have been present throughout her entire existence. Such circumstances should duly be considered as the "history and characteristics" under 18 U.S.C. § 3553(a)(1) in the hopeful fashioning of a variance.

### b. Ms. Madison's Sustained Exemplary Pretrial Performance and Remorse Supports a Substantial Downward Variance.

It remains readily apparent that Ms. Madison performed in an exceptional manner while on supervision. Because of her chronic pain, Ms. Madison was a daily marijuana smoker prior to her arrest. (PSR ¶ 81.) Diagnosed with "cannabis use disorder severe" (PSR ¶ 82), Ms. Madison impressively succeeded in refraining from use of marijuana while on pretrial release—a feat that demonstrates Ms. Madison's understanding that she must respect and abide by all rules imposed. She has presented no issues to U.S. Pretrial Services throughout the pendency of this year-long matter. She recognizes the gravity of her case and effectively communicates and abides by all conditions imposed. Without any previous arrests, and the cessation of smoking marijuana, Ms. Madison poses no threat to society. Surely this most recent matter has profoundly impacted Ms. Madison.

In addition to her actions, Ms. Madison writes words reflective of her remorse in correspondence to the Court. The impressive correspondence details Ms. Madison's sincere regret,

acceptance of responsibility, and appreciation of the irreparable harm caused to society and her loved ones. Ms. Madison's emotion in her letter is glaring. She recognized that her actions alone have compromised her ability to be with her son, husband, and otherwise unblemished record. In addition to the receipt of her first and numerous of felony convictions, she now confronts substantial incarceration and the inability to raise her son for a period of time in exchange for her misrepresentations when purchasing firearms and agreement to assist her estranged half-brother.

### c. Ms. Madison's Family Support and Family Reliance are Substantially Mitigating and Warrant a Downward Variance.

Perhaps most importantly, Ms. Madison retains the unwavering and impressive support of her family who all note the vital role Ms. Madison plays in raising her son. At eleven years old, Ms. Madison's son suffers from ADHD and possesses great learning disabilities. (PSR ¶ 75.) Ms. Madison and her husband strive to provide a life in which he can succeed in schooling and avoid behavioral challenges. With Andrea being described as "the foundation of our family" by her husband, Andrea's son may lose the ability to have his financially and emotionally supportive mother present should a period of incarceration be imposed. In addition to Ms. Madison's heartfelt correspondence reflecting appropriate concern for the welfare of her child and husband, her family members similarly attest to the harm that could be caused as a result of her incarceration.

What additionally remains consistent is that all who know Ms. Madison best will contend that she is a hardworking, thoughtful, and productive member of society whose purpose in life is her family. Her mother, sister, husband, friends, and coworkers all describe the selflessness exhibited by this young woman on a daily basis. Andrea is viewed to be a kind and caring person who has privately expressed great regret for her actions. Albeit influenced by the request of her brother, Ms. Madison's actions have nonetheless placed her life with others in jeopardy. Such

reliance and support are further requested for consideration as "history and characteristics" under 18 U.S.C. § 3553(a)(1) in the hopeful fashioning of a variance and sentence of probation.

### CONCLUSION

Ms. Madison accepts full responsibility for her actions and candidly voices and exhibits regret over her actions.  However, given the challenging background information and circumstances regarding Ms. Madison, undersigned counsel, in full agreement with the recommendation contained within the PSR, respectfully requests the Court to grant a variance in this matter and sentence Ms. Madison to a period of probation.  Such a sentencing would prove to be sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a).

In the event that the Court is not inclined to sentence Ms. Madison to probation and instead to a period of incarceration, given the need to arrange for the care of her son and financial obligations with her housing, it would be requested that Ms. Madison be granted thirty days to self-surrender to authorities after the imposition of sentence.

RESPECFULLY SUBMITTED this 5th day of January, 2023

LAW OFFICES OF GARY FORD SPECTOR

*/S/ Charles L. Spector*
Charles L. Spector, Esq.

Copy of the foregoing
was electronically delivered
this day to:

All ECF Participants