GARY M. RESTAINO
United States Attorney
District of Arizona
SARAH B. HOUSTON
Assistant U.S. Attorney
Arizona State Bar No. 026691
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.houston@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 22-02599-003-TUC-JGZ (BGM) |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Kyle Andrew Johnson, | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for February 29, 2024.

**Presentence Report Calculations**

The presentence report (PSR) identifies a total offense level of 13 and a criminal history category I for the defendant resulting in a sentencing guideline range of 12 to 18 months. The government agrees with these calculations. Under the plea agreement, the defendant's sentence cannot exceed the bottom of the applicable guideline range.

//

**Sentencing Factors**

Title 18 U.S.C. § 3553(a) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. §3553(a)(2). The sentence shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

Like most of his other codefendants, Kyle Johnson became involved in this criminal activity because of a family member. Were it not for the familial relation and the exploitation of that, it is unlikely that Kyle Johnson would have been involved in the charged criminal activity. The evidence in the case indicates that Kyle knew that his father (codefendant Robert Johnson) lived in Mexico. Therefore, he had reason to believe that his father was taking firearms to Mexico even if Kyle did not know what was being done with the firearms once they were in Mexico. Kyle was also a minor participant because he only purchased six of the 131 firearms involved in the conspiracy.

Kyle's brother and aunt both purchased more firearms and also became involved due to the manipulation of family ties. And both were also given sentences of probation. However, there are several key sentencing factors that distinguish Kyle from his brother and aunt. First, Kyle repeatedly violated his pretrial release conditions by using marijuana and drinking alcohol. Pretrial Services worked diligently with Kyle to get him into treatment, which he completed. However, he again relapsed with alcohol. His substance abuse will continue to be an impediment to successful completion of any term of supervision.

Second, Kyle claims he only became involved in the conspiracy when he was homeless after a car accident in May 2021. This is inconsistent with the evidence in the case that shows Kyle began straw purchasing firearms in April of 2021, which was before the alleged car accident. Thus, his attempt to explain away his involvement deserves

scrutiny.

Third, Kyle was engaged in additional criminal activity, namely he was selling marijuana from his residence. While marijuana possession was legal in the state of Arizona at the time, it was still illegal for Kyle to be selling marijuana from his home. He also openly admitted to possessing firearms while trafficking in marijuana and using them for protection. Kyle's behavior demonstrates a willingness to commit crimes for pecuniary gain and that his willingness to commit offenses is not limited to situations where there are family connections and pressures.

Essentially, there are reasons that a short term of imprisonment would be appropriate given these issues. It would not create a sentencing disparity because the codefendants who were given probation did not have the same issues or risk factors. If the Court is inclined to issue a sentence of imprisonment, a downward variance would be supported by the defendant's employment, his ongoing participation in treatment, and mental health issues. The government requests that a three-year term of supervision follow any term of imprisonment. If the Court is inclined to give Kyle an opportunity on probation, he will have to address his substance abuse and mental health and demonstrate a commitment to following the law.

Respectfully submitted this 20th day of February, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Sarah B. Houston*

SARAH B. HOUSTON
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 20th day of February, 2024, to:

All ECF Participants