MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Mariam Ferguson, State Bar No. 031676
Katie Filous Malka, State Bar No. 034626
Email: mferguson@mcrazlaw.com
kmalka@mcrazlaw.com
ecfpima@mcrazlaw.com
Attorneys for Robert Andrew Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>vs.<br><br>Robert Andrew Johnson,<br><br>Defendant. | Case No. 22-cr-02599-JGZ-BGM<br><br>OBJECTIONS TO PRESENTENCE REPORT |

Pursuant to Fed. R. Crim. P., Rule 32.(f), Defendant, Robert Andrew Johnson, by and through undersigned counsel, respectfully states the following objections to the Presentence Report dated February 19, 2026.

**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

## I. SUMMARY

On January 15, 2026, Mr. Johnson pled guilty to Count 6: Smuggling Goods from the United States in violation of 18 U.S.C. § 554(a). He is set for sentencing on March 31, 2026. On February 19, 2026, Probation Officer Vannesa Lucero filed the draft Pre-Sentence Investigation Report ("PSR"). The PSR calculates a criminal history category of I and a total

offense level of 25, resulting in a guideline range of 57–71 months, with 390 days' time credit, while also noting that Mr. Johnson has been in custody in Mexico on the same offense for which he pled here, from July 30, 2021 until his arrest on the warrant in this case on March 6, 2025.

## II. OBJECTIONS

Mr. Johnson objects to ¶64, applying a 2-level enhancement under USSG § 3B1.1(c), as well as the following factual material information contained in the PSR.

Paragraph 8: This allegation refers to Count 2 in the indictment. Although no serial number is listed in the Count, the most likely candidate for this, based upon the Government's Master Firearms Acquisitions list, is serial number 20CB26289. The Government did not disclose any information related to this firearm's recovery, other than the single line item on the Master Firearms List itself. Regardless, if the firearm was recovered November 12, 2021, as alleged, this was about 3.5 months after Mr. Johnson's incarceration in Mexico.

Paragraph 9: This allegation refers to Count 3 in the indictment this appears to be referring to a Century Arms International firearm with the serial number SV7050329. According to the Government's disclosure, this firearm was found in Mexico after a robbery on 12/7/21. *See* ¶ 38. This was found in Mexico over 4 months after Mr. Johnson was already incarcerated in Mexican prison.

Paragraph 10: This allegation refers to Count 4, date range in the indictment: 6/18/21-1/5/22. This appears to reference a rifle with serial # CE-1329-69. This firearm was recovered

in Santa Ana, Sonora on 12/20/21 — over 4.5 months after Mr. Johnson's arrest and incarceration in Mexico. *See* ¶ 37.

Paragraph 11: This allegation refers to Count 5, date range: 6/23/21–11/12/21. The firearm appears to refer to serial # SV7058893, recovered in Magadelena, Mexico on 11/13/21. *See* ¶ 35. This firearm was also recovered 3.5 months after Mr. Johnson's incarceration.

As to Paragraphs 8–11, all firearms referred to in these paragraphs involve firearms that were recovered after Mr. Johnson was incarcerated, but all the other family members involved or implicated were not. The Government's disclosure shows that his family members, and Mr. Johnson's former landlord for the Nogales property, all had access to and took Mr. Johnson's belongings in the U.S. while he was in prison in Mexico. (*See* **Exhibit A**¸ Government Disclosure, Bates 96–97, 149-152). This access underscores alternative avenues by which firearms could have been moved without Mr. Johnson's pre-incarceration direction. The Government has produced no evidence that these firearms were smuggled into Mexico by Mr. Johnson or at his direction, particularly when others had free access to his belongings (and his firearms) well after his incarceration.

Paragraph 21: Mr. Johnson objects to the inclusion of K. Johnson's statement that Mr. Johnson's wife's "uncle was a leader of illegal activity in Nogales, Sonora, Mexico." There is no indication this statement was made with firsthand knowledge, and no evidence has been produced by the Government to support this mere assertion without supporting or corroborating evidence. For similar reasons, Mr. Johnson objects to the inclusion of the same

or similar allegations that his wife and/or her family were in the mafia or cartel contained in Paragraphs 26 and 42.

Paragraph 22: Mr. Johnson objects to the inclusion of K. Johnson's purely speculative assessment that "someone in Mexico had to be giving his father money to purchase firearms because his father did not have enough money to purchase all the firearms."

Paragraphs 24–25 clearly show that multiple firearms were recovered during the search warrant execution. Multiple firearms were also recovered from Mr. Johnson's landlord, which he had taken from Mr. Johnson's shop after Mr. Johnson's incarceration in Mexico. *See* PSR ¶ 34, *see also* **Exhibit A**¸ Bates 149-152. In addition, both Taylor Johnson and Patricia Madison indicated that Mr. Johnson also collected firearms, with Taylor indicating he believed Mr. Johnson had at least 15 firearms in his safe at his shop in Nogales when he was incarcerated. It is therefore contradictory to assert that all firearms purchased by Mr. Johnson, or any of his family members, were transported to Mexico, or even that all were purchased with the intent to be transported to Mexico, as asserted in ¶¶ 53—56.

The PSR calculates 131 total firearms for Mr. Johnson, and over 200 overall purchased and transported firearms. *See* ¶¶ 46, 53. While it is unclear where these calculations came from, it is possible they were derived from the Master Firearms Acquisition list, which listed approximately 202 total firearms from Robert Johnson, Taylor Johnson, Kyle Johnson, Andrea Madison, and Patricia Madison. However, even this list only lists 126 firearm purchases attributed to Robert Johnson. This list certainly encompasses firearms listed in the indictment, but also firearms recovered under the search warrant seizure discussed in ¶ 24-

25 or from the other family members, recovered from the landlord, recovered from the FFLs before being picked up, and at least one firearm that appears to have been purchased after Mr. Johson was already in jail in Mexico. The PSR however assumes, without further evidence other than the speculation and accusations of the other co-defendants (which is addressed further down in this Objection), that any firearm not recovered must have therefore been trafficked, and also assumes that any firearm purchased was meant to be trafficked, despite any evidence otherwise. Under 60 firearms are listed in the indictment, attributed as follows: Andrea Madison (9), Kyle Johnson (4), Taylor Johnson (38), Robert Johnson (6 individual – plus the aiding and abetting allegation for the other co-defendants' counts). Mr. Johnson incorporates his arguments about Counts 2 – 5 (¶¶ 8-11) above. Mr. Johnson therefore objects to the PSR assertions about the number of firearms allegedly involved in the offense.

The Ninth Circuit has held that a leadership-role enhancement under U.S.S.G. § 3B1.1 requires proof that the defendant exercised organizational authority or control over other participants. *United States v. Avila*, 95 F.3d 887, 889–90 (9th Cir. 1996). The court found clear error where the defendant arranged drug transactions and served as the primary contact between buyer and seller but there was no evidence he directed or supervised others. *Id.* The court found that, while the defendant was heavily involved in the illegal activity, arranged transactions, negotiated fees, and acted as a facilitator, this was insufficient to support the leadership-role enhancement without proof of control, and that leadership determinations cannot rest on speculative inferences unsupported by evidence. *Id.* The Ninth Circuit has

emphasized that a suggestion, facilitation, and even playing an important role that is integral to the success of a criminal enterprise, giving the defendant a high degree of culpability, is not leadership under the two-level enhancement. *United States v. Harris*, 999 F.3d 1233, 1236-1237 (9th Cir. 2021)

In support of its summary of the offense, Culpability Assessment, and for the Supervisory Enhancement under 3B1.1, the PSR relies on statements from co-defendants about Mr. Johnson's recruitment and instructions to them. By the time law enforcement spoke to Mr. Johnson's co-defendants (and other family members), Mr. Johnson had already been incarcerated for 2.5 months. It was also after Mr. Johnson's family members had taken it upon themselves to clear out Mr. Johnson's belongings from the shop in Nogales, which happened in August 2021. This timing rendered Mr. Johnson an easy scapegoat for the family, who knew they could place all of the blame on Mr. Johnson and he would not be in a position to counter their narrative. This undermines the reliability of those statements.

Furthermore, by placing the bulk of the culpability on Mr. Johnson, the co-defendants successfully leveraged that into more lenient sentences. The PSR documents that all of the co-defendants received probationary sentences after pleading guilty to false-statement offenses. These outcomes reflect significant leniency, particularly for Taylor Johnson (who appeared to have substantial involvement and even a firearms ledger, yet blamed his father 100% and even told law enforcement he thought Mr. Johnson stole the firearm that he was caught with at the POE on July 30, 2021 from his brother), and further call into question the

reliability of their post-incarceration statements that inculpate Mr. Johnson so heavily while mitigating their own involvement.

When a defendant disputes a PSR assertion, the court must resolve the dispute or find it immaterial; the court may accept only undisputed PSR facts as findings. *See* Fed. R. Crim. P. 32(i)(3)(A)–(B). The government "bear[s] the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level." *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990); *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir. 2005).

Factual findings for sentencing must rest on information with a "sufficient indicia of reliability," not bare conclusory statements unaccompanied by any factual support. See U.S.S.G. § 6A1.3(a) (U.S. Sent'g Comm'n 2024). A sentencing court may consider hearsay evidence in resolving sentencing issues "provided that the information has sufficient indicia of reliability to support its probable accuracy." See *United States v. Berry,* 258 F.3d 971, 976 (9th Cir. 2001), quoting U.S.S.G. § 6A1.3(a). "Challenged information is deemed false or unreliable if it lacks some minimal indicium of reliability beyond mere allegation." *United States v. Reyes,* 772 F.3d 1152, 1159 (9th Cir. 2014) (internal citations and quotations omitted).

Accordingly, Mr. Johnson objects to any PSR reliance on these statements to increase his offense level, severity characterization, or role findings without appropriate corroboration independent of statements made after his incarceration.

## III. CONCLUSION

For all of the above reasons, Mr. Johnson respectfully requests that the Court sustain his objections as laid out above.

Without the Supervisory Enhancement, the appropriate Guideline Calculations would instead be as follows:

| | |
|---|---|
| Base Offense Level [2M5.2]: | 26 |
| Acceptance of Responsibility [§3E1.1(a) and (b)] | -3 |
| Total Offense Level: | 23 |

This calculation would result in applicable guidelines range of 46 – 57 months, which, under the stipulation under the plea, is capped at the bottom end of the range.

RESPECTFULLY SUBMITTED this 12th day of March, 2026.

MESCH CLARK ROTHSCHILD

By /s/ Mariam Ferguson
Mariam Ferguson
Attorney for Robert Andrew Johnson

CERTIFICATE OF SERVICE

The foregoing was electronically filed and served upon all counsel of record via ECF on this 12th day of March, 2026.

Sarah Houston
Sarah.Houston@usdoj.gov

Vannesa Lucero
Vannesa_Lucero@azd.uscourts.gov

/s/ Mariam Ferguson