TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SARAH B. HOUSTON
Assistant U.S. Attorney
Arizona State Bar No. 026691
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.houston@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Robert Andrew Johnson,<br><br>Defendant. | CR 22-02599-001-JGZ<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT (Doc. 154)** |

The United States of America, by and through its undersigned attorneys, hereby responds to the Defendant's Objection to the Presentence Report (Doc. 154). The defendant makes two objections. First, he objects to an adjustment for being an organizer under USSG § 3B1.1(c). Second, the defendant objects to multiple factual statements in the Presentence Report, none of which impact the guideline calculation. These objections should be overruled because the guideline calculation is correct, and the factual information is sufficiently supported by more than a preponderance of evidence.

/ / /

/ / /

## LAW & ARGUMENT

**I. The Presentence Report correctly calculates the guidelines range and includes an upward adjustment for the defendant's aggravating role.**

The Court is required to begin all sentencings by "correctly calculating the applicable Guideline range." *Gall v. United States*, 552 U.S. 38, 49 (2007). When objections are raised to the PSR, "the party seeking an adjustment bears the burden of proof." *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir. 2005). The Sentencing Guidelines should be interpreted by applying "the ordinary tools of statutory interpretation." *United States v. Herrera*, 974 F.3d 1040, 1047 (9th Cir. 2020) (quoting *Martinez*, 870 F.3d 1163, 1166 (9th Cir. 2017)). If the language of a guideline is "unambiguous, the plain meaning controls." *United States v. Robinson*, 94 F.3d 1325, 1328 (9th Cir. 1996) (quoting *Powell v. Tucson Air Museum Found.*, 771 F.2d 1309, 1311 (9th Cir. 1985)).

Facts underlying sentencing factors must be proven by a preponderance of the evidence. *United States v. Wilson*, 900 F.2d 1350, 1354 (9th Cir. 1990). Commentary statements in the USSG that interpret or explain a guideline are authoritative unless they violate the Constitution or are inconsistent with the guideline. *Stinson v. United States,* 508 U.S. 36, 38 (1993). The guidelines state: "In determining the sentence to impose, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." USSG § 1B1.4; *see also* 18 U.S.C. § 3661. The information a court may consider includes conduct dismissed as part of a plea agreement. USSG § 1B1.4, comment. (backg'd.)

Section 3B1.1(c) includes a two-level upward adjustment "if the defendant was an organizer, leader, manager, or supervisor in any criminal activity." When determining whether an aggravated role should apply, courts should consider "the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, degree of participation in planning or organizing the offense, the nature and scope of the

illegal activity, and the degree of control and authority exercised over others." USSG § 3B1.1, comment. (n.4).

Here, the defendant recruited all of his codefendants to purchase firearms on his behalf. This is supported by the defendant's factual basis in his plea agreement,[1] and the factual bases of his codefendant's plea agreements.[2] These statements, made to the court during the change of plea and adopted by the codefendants when they were under oath, establish that Robert Johnson recruited, directed, and paid each codefendant to participate in the illegal purchase of firearms so that they could be smuggled into Mexico. This is exactly the type of actions that the guidelines address because the defendant exercised authority and control over the types and quantity of firearms to be purchased, who would purchase them, and then paid the other participants for the cost of the firearms and sometimes additional payment. There is sufficient information in the presentence report and the docket to find that a preponderance of the evidence demonstrates that Robert Johnson was an organizer or manager in the criminal activity.

Given the defendant's argument that his wife's family was not connected to the cartel or involved in the smuggling of the firearms (see below), then the only other logical explanation is that the defendant was collecting all of these firearms himself and taking most of them to his residence in Mexico. This would mean that there was no one higher in the criminal activity and that he was the only one managing and exercising authority over his codefendants. Essentially, the defendant cannot argue he was an average participant at the same time that he argues that there was no cartel or higher-level organization.

---

[1] "I directed Kyle to purchase the firearm and provide it to me so that I could smuggle it into Mexico." (Doc. 147, p. 11).

[2] Each codefendant's factual basis included the following statement: "In the form for each [firearm] purchase, I falsely represented that I was the true purchaser. This statement was not true as I was purchasing the firearms on behalf of Robert Andrew Johnson. Robert Andrew Johnson would reimburse me for the purchases on his behalf and sometimes pay me an additional amount for completing the purchase." (Taylor/Ryo Kae Hyun, Doc 75, p. 12; Kyle, Doc. 55, p. 11; Madison, Doc. 47, p. 12.).

The Presentence Report properly includes a two-level upward adjustment for the defendant's role as an organizer pursuant to USSG § 3B1.1(c).

## II. The facts included in the Presentence Report are supported by a preponderance of evidence and can be properly considered by the Court.

The defendant's remaining objections address facts included in the presentence report, none of which impact the guideline calculation. Rule 32(d)(1) and (2) mandates the information that *must* be contained in the presentence report. However, there are no formal limitations on the contents of a PSR. *See Gregg v. United States*, 394 U.S. 489, 492 (1969). "[T]hey may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged." *Gregg*, 394 U.S. at 492. Further, the court "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may consider." *United States v. Grayson,* 438 U.S. 41, 50 (1978); *see also* 18 U.S.C. § 3553(a), 3577 (codifying this principle); *see also*, *United States v. Gonzalez*, 576 F. Supp. 334, 334 (D. Or. 1983). Likewise, Federal Rule of Evidence 1101(d)(3) provides that the Rules of Evidence do not apply in sentencing procedures. "The crucial consideration is the probable reliability and accuracy of the hearsay information to be relied upon in making the sentence." *Gonzalez*, 576 F. Supp. at 335.

First, the defendant objects to the inclusion of any firearms that were recovered after he was arrested by the Government of Mexico on July 30, 2021. The defendant argues that he could not have played a role in the firearms being smuggled into Mexico if they were not recovered until after he was in Mexican custody. This is irrelevant. The purchase of each of the objected to firearms in paragraphs 8, 9, 10, and 11, occurred in the United States prior to the defendant's arrest and at the defendant's direction.[3] The fact that the firearms eventually ended up in Mexico is not contested. The fact that the firearms were purchased on the defendant's behalf at his direction, and that he paid the codefendants is not contested.

---

[3] *See* co-defendant's plea agreements.

Notably, the defendant is also the only one in the scheme who was arrested actively smuggling firearms into Mexico. He was also the only one living in Mexico at the time that the firearms were being purchased and then handed over to him. There is more than a preponderance of evidence to support the factual information in paragraphs 8 through 11 of the presentence report. To the extent the defendant argues about the weight or import of this information, that is a sentencing argument and not a factual dispute, and the Court does not need to make a factual finding.

Second, the defendant objects to statements by codefendants indicating that the defendant's wife's family, who were living in Mexico, had criminal connections in paragraphs 21, 26, and 42. As an initial matter, all three statements are against the declarants' interests (potentially subjecting the declarants to criminal liability) and were made to law enforcement, thus the statements are more reliable than other hearsay. *See* Fed. R. Evid. 804(b)(3) (statements against interest are exceptions to rule against hearsay). Further, each codefendant is in a unique position to know about the defendant's spouse and her family because they are all related. Robert Johnson is Kyle and Taylor's father, and Robert is Andrea Madison's brother.

Third, the defendant objects to the assertion that the firearms were purchased with the intent to smuggle them into Mexico. Each codefendant's factual basis either explicitly states that the firearms would be smuggled into Mexico or that the codefendant knew that the firearms were going to Robert and he lived in Mexico. That some of the firearms were being shipped for final purchase at an FFL or had been purchased but not smuggled before Robert's arrest is irrelevant. Documents show that between all four defendants, 202 firearms were purchased, some were recovered in Mexico, some were recovered in the United States (in possession of FFLs or codefendants), and some were never recovered.

Finally, because this does not affect the guideline calculation, the issues do not necessarily affect sentencing. *See* Fed. R. Crim. P. 32(i)(3)(B) (a court must rule on a disputed sentencing matter unless "a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.")

## CONCLUSION

Because the disputed factual issues are supported by reliable hearsay and demonstrate by more than a preponderance of the evidence that the defendant played an aggravated role in the criminal activity, the defendant's objections to the Presentence report should be overruled.

Respectfully submitted this 20th day of March, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Sarah B. Houston*

SARAH B. HOUSTON
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 20th day of March, 2026, to:

All ECF Participants